# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE: **NESTOR HERNANDEZ PEREZ**
SSN xxx-xx-6291

Debtor(s)

CASE NO: **19-06002-MCF**

Chapter 13

- AMENDED -

## TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **MAYORAL & MANGUAL PSC***

Total Agreed: **$1,500.00**     Paid Pre-Petition: **$1,500.00**     Outstanding (Through the Plan): **$0.00**

*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325

**Debtor's/s' Commitment Period:** ☐ Under Median Income 36 months   ☒ Above Median Income 60 months §1325(b)(1)(B)
☐ The Trustee cannot determine debtor's/s' commitment period at this time.   Projected Disposable Income: **$0.00**

Liquidation Value: **$4,687,364.00**   Estimated Priority Debt: **$125,470.38**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately **$4,561,893.62**

With respect to the (amended) Plan date: **Jun 11, 2021  (Dkt  142)**     Plan Base: **$114,003.44**

**The Trustee:**   ☐ DOES NOT OBJECT   ☒ OBJECTS   Plan Confirmation   Gen. Uns. Approx. Dist.: TBD %

The Trustee objects to confirmation for the following reasons:

[1325(a)(4)] Plan fails Creditors Best Interest Test.

- The plan fails to provide for the full payment plus interest for the general unsecured claims.

[1325(a)(6)] Feasibility – Debtor(s) does not has/have the capacity to make proposed plan payments.

- Debtor has failed to identify the source of income of both lump sum payments included in the plan. Debtor needs to explain how he expects to obtain funds to make the payment in the amount of $53,000.00 and the payment of $61,003.44 he is proposing to make to JJ Enterprises.

To satisfy feasibility, a Debtor's plan must have a reasonable likelihood of success, i.e., that it is likely that debtor will have the necessary resources to make all payments as directed by the plan. 11 USC 1325 (a)(6); In re Brunson, 87 B.R. 304, 313 (Bankr. D.N.J.1988), In re Fantasia, 211 B.R. 420, 423 (B.A.P. 1 rst Cir. 1997). Thus, the debtor carries the initial burden of showing that the plan is feasible. In re Felberman, 196 B.R. 678, 685 (Bankr. S.D.N.Y. 1995); In re Endicott, 157 B.R. 255, 263 (W.D. Va. 1993).

[1325(a)(6)] Insufficiently Funded – Plan funding insufficient to comply with Creditors Best Interest Test. [1325(a)(4)]

- The sufficiency of the plan depends on the outcome of the objections to the proof of claim filed by ASUME.

[1325(a)(8)] DSO Payment Default – Debtor(s) is in default with post-petition DSO payments.

Debtor has failed to submit evidence of being current with post-petition DSO payments. Debtor must submit evidence of being current with said obligation (1 accounts) up until the confirmation of the plan. Debtor claims that his DSO ended since the daughter is of legal age in Tennessee (where she lives).

Debtor must resolve the issue regarding closing case with ASUME in the state courts. The bankruptcy court does not have jurisdiction over this matter.

Debtor objected ASUME's claim no. 1. Docket no. 85 Re: Debtor's daughter (19 years old) resides in Tennessee where the legal age is 18. However, debtor has not closed the case with ASUME. ASUME replied the objection to claim, therefore, any change on the requirement of evidence of DSO payment hinges on the outcome of debtor's objection. ASUME explained that Debtor's daughter was a minor, in accordance with Puerto Rico's law, state that retains jurisdiction related to the minor until relieve is granted.

Schedule J, however, includes the DSO expense ($600.00). Debtor has not paid such DSO since 2008.

Plan payment and Length of Plan

- Section 2.1: There is a mathematical error in the "base" of the plan.

- Trustee hereby requests debtor to not include in section 2.2, the amount to pay directly to JJ Enterprise because this amount will not be paid by the Trustee.
Per payment schedule, the correct base totals $53,000.00.

Part 4: Priority

-A provision for ASUME's claim hinges on the outcome of Debtor's objection to claim.

*OTHER COMMENTS / OBJECTIONS

Debtor's Objection to Claim no. 1 is pending. Docket no. 85 Re: Debtor's daughter (19 years old) resides in Tennessee where the legal age is 18. ASUME has no standing to claim child support arrears owed to a person that is of legal age. Debtor requests that POC be disallowed.

This matter must be resolved prior to confirmation.

Debtor has must disclose what he did with the $10,800 ($600 x18 months) that relate to the payment of a DSO debt that debtor alleges no longer exist, and has not been paid since 2008. This debt was included in Schedule J until month 18 of the plan (April 2021).

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.  
CHAPTER 13 TRUSTEE  
PO Box 9023884, San Juan PR 00902-3884  
Tel. (787)977-3535 Fax (787)977-3550

Date: June 08, 2022

/s/ Nannette Godreau, Esq.

Last Docket Verified: 208    Last Claim Verified: 6-3    CMC: NM